PENELOPE A. PREOVOLOS (CA SBN 87607)
(PPreovolos@mofo.com)
STUART C. PLUNKETT (CA SBN 187971)
(SPlunkett@mofo.com)
SUZANNA P. BRICKMAN (CA SBN 250891)
(SBrickman@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522

*Attorneys for Defendant*
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANIEL DONOHUE, individually and on behalf of all others similarly situated,<br><br>               Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>               Defendant. | Case No. 5:11-cv-05337 RMW<br><br>**CLASS ACTION**<br><br>**STIPULATED PROTECTIVE ORDER REGARDING MEDIATION;<br>[] ORDER**<br><br>Judge:   Hon. Ronald M. Whyte<br>Complaint Filed:  November 3, 2011<br>Trial Date:  None Set |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court finds good cause for entering the following Stipulated Protective Order Regarding the Disclosure and Use of Discovery Materials produced in connection with mediation ("Stipulated Protective Order").

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in connection with mediation in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than mediation of this litigation would be warranted as provided by applicable law.[1]  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Stipulated Protective Order governs discovery and the use of information in connection with the mediation of *Donohue v. Apple Inc.*, Case No. 5:11-CV-05337 RMW.

2. **DEFINITIONS**

(a)   "Action" means the above-captioned consolidated action, presently pending in the United States District Court for the Northern District of California.

(b)   Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

(c)   Protected Material: All items or information, regardless of the medium or the manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, or tangible things), that is produced or generated in disclosures or responses to discovery in connection with the mediation in this matter, which the Producing Party reasonably and in good faith believes is of a proprietary or commercially sensitive nature, or should otherwise be subject to confidential treatment, consistent with applicable law.  All

---

[1] The parties are in agreement that a separate or amended protective order will be proposed for purposes of exchange of discovery in the course of litigation of this action, and recognize that Protected Material produced pursuant to mediation may be responsive to Plaintiff's discovery requests.  Designation of documents or information as Protected Material pursuant to this Order is without prejudice to the rights of either party to object to such or like designation of such documents or information for purposes of litigation of this action or consistent with applicable rule or law.

STIPULATED PROTECTIVE ORDER; [] ORDER
CASE NO. 5:11-cv-05337 RMW
sf-3116880

1

1  Protected Material shall be marked "HIGHLY CONFIDENTIAL MEDIATION MATERIAL –
2  ATTORNEYS EYES ONLY."

3      (d)    <u>Receiving Party</u>:  A Party that receives Protected Material provided,
4  produced or made available for inspection by a Producing Party.

5      (e)    <u>Producing Party</u>:  A Party that provides, produces or makes available for
6  inspection Protected Material in the course of this Action.

7      (f)    <u>Outside Counsel</u>:  Attorneys who are not employees of a Party but who are
8  retained to represent or advise a Party in this action.

9      (g)    <u>In-House Counsel</u>:  Attorneys who are employees of a Party.

10      (h)    <u>Counsel</u> (without qualifier):  Outside Counsel and In-House Counsel as
11  well as their support staffs.

12      (i)    <u>Expert</u>:  A person with specialized knowledge or experience in a matter
13  pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert
14  witness or as a consultant in this Action.

15      3.    <u>SCOPE</u>

16  This Stipulated Protective Order shall govern all Protected Material, in whatever form,
17  provided, produced, or made available for inspection in connection with the mediation conducted
18  in this Action.  The protections conferred by this Stipulated Protective Order cover not only
19  Protected Material (as defined above) but also any information copied or extracted therefrom, as
20  well as all copies, excerpts, summaries or compilations thereof.

21  Nothing herein shall be construed to prevent a Producing Party from reviewing, using or
22  disclosing its own Protected Material in any manner that it deems appropriate.

23      4.    <u>DURATION</u>

24  Even after the termination of this Action, the confidentiality obligations imposed by this
25  Stipulation and Protective Order shall remain in effect until a Producing Party agrees otherwise in
26  writing or a Court order otherwise directs.

27
28

5. <u>DESIGNATION</u>

Any party or non-party may designate as Protected Material (by stamping the relevant pages as "HIGHLY CONFIDENTIAL MEDIATION MATERIAL – ATTORNEYS' EYES ONLY") any document or response to discovery which that party or non-party considers in good faith to contain information involving trade secrets, or confidential business, financial, or personal information, consistent with applicable law. Where a document or response consists of more than one page, the first page and each page on which Protected Material appears shall be so designated.

If a party or non-party, through inadvertence, fails to mark any document or response to discovery as "HIGHLY CONFIDENTIAL MEDIATION MATERIAL – ATTORNEYS' EYES ONLY" in accordance with the provisions of this Order ("Incorrectly-Labeled Document"), the party may give written notice to the other parties that the Incorrectly-Labeled Document(s) should have been marked as "HIGHLY CONFIDENTIAL MEDIATION MATERIAL – ATTORNEYS' EYES ONLY" and should be treated as such in accordance with the provisions of this Order. The parties must treat Incorrectly-Labeled Document(s) as Protected Material from the date such notice is received. Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

6. ~~CONTRACTUAL OBLIGATIONS TO NON-PARTIES~~

In connection with the mediation of this Action, a Party may be requested to produce information that is subject to contractual or other obligations of confidentiality owed to a non-party. The Party subject to the contractual or other obligation of confidentiality shall promptly contact the person to whom the obligation is owed to determine whether that person is willing to permit disclosure of the Protected Material under the terms of this Stipulated Protective Order. If that person is so willing, the information shall be produced in accordance with this Stipulated Protective Order. If the person to whom the obligation is owed is not willing to permit disclosure of the Protected Material under the terms of this Stipulated Protective Order, or fails to respond before responses or production is due, the Party seeking the information in this Action shall be so

1  notified and given a description of the documents withheld, the reason for withholding the

2  documents, the person to whom the obligation of confidentiality is owed and the person's contact

3  information. This description shall be produced as promptly as practicable.

4      7.    <u>USE OF PROTECTED MATERIAL</u>

5      The Parties may use Protected Material that is disclosed or produced by another Party in

6  connection with mediation in this Action only for purposes of the mediation. A Receiving Party

7  may not use Protected Material for any other purpose, including, without limitation, any other

8  litigation or any business or competitive function. Such Protected Material may be disclosed only

9  to the categories of persons and under the conditions described in this Stipulated Protective Order

10 and may not be disclosed to Experts or to the media. For purposes of this Stipulated Protective

11 Order, and specifically as utilized in the preceding sentence, "disclosed" or "disclose" shall mean

12 any physical or electronic showing of the Protected Materials to any person, including

13 communication in any form of the contents (in whole or in part) or existence of the Protected

14 Materials. When this Action has been terminated, a Receiving Party must comply with the

15 provisions of Paragraph 10 below (FINAL DISPOSITION).

16     Protected Material must be stored and maintained by a Receiving Party at a location and

17 in a secure manner ensuring that access is limited to the persons authorized under this Stipulated

18 Protective Order.

19     8.    <u>DISCLOSURE OF PROTECTED MATERIAL</u>

20     Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a

21 Receiving Party may disclose Protected Material only to:

22     (a)    the Receiving Party's "Counsel" to whom it is reasonably necessary, at the

23 discretion of In-House Counsel or Outside Counsel, to disclose the information for this Action;

24     (b)    any mediators and their personnel.

25     The Party's Counsel who discloses Protected Material shall be responsible for assuring

26 compliance with the terms of this Stipulated Protective Order with respect to persons to whom

27 such Protected Material is disclosed.

28

STIPULATED PROTECTIVE ORDER; [] ORDER
CASE NO. 5:11-cv-05337 RMW
sf-3116880

4

1    Any persons receiving Protected Material shall not reveal or discuss such information to
2 or with any person who is not entitled to receive such information, except as set forth herein.
3 Protected Material must be stored and maintained by the receiving party at a location and in a
4 secure manner ensuring that access is limited to persons authorized under this Stipulated
5 Protective Order.

6    Persons receiving Protected Material shall sign the Certification annexed to this Order
7 (which shall be retained by counsel to the party so disclosing the Protected Material and made
8 available for inspection by opposing counsel during the pendency or after the termination of the
9 action only upon good cause shown and upon order of the Court) before being shown Protected
10 Material.

11   9.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
12         OTHER LITIGATION</u>

13    If a Receiving Party is served with a subpoena or an order issued in other litigation that
14 would compel disclosure of any Protected Material, the Receiving Party must so notify the
15 Producing Party in writing (by fax or email, if possible) immediately and in no event more than
16 five court days after receiving (i.e., noticing or becoming aware of receipt of) the subpoena or
17 order. Such notification must include a copy of the subpoena or court order.

18    The Receiving Party must also timely inform in writing the party who caused the
19 subpoena or order to issue in the other litigation that some or all of the material covered by the
20 subpoena or order is the subject of this Stipulated Protective Order. In addition, the Receiving
21 Party must timely provide a copy of this Stipulated Protective Order to the party in the other
22 action that caused the subpoena or order to issue.

23    The purpose of imposing these duties is to alert the interested parties to the existence of
24 this Stipulated Protective Order and to afford the Producing Party in this case an opportunity to
25 try to protect its confidentiality interests in the court from which the subpoena or order issued.
26 The Producing Party shall bear the burden and expense of seeking protection in that court of its
27 Protected Material. Nothing in these provisions should be construed as authorizing or
28 encouraging a Party in this action to disobey a lawful directive from another court.

10. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within 90 days after the conclusion of mediation of this action, each Receiving Party must, at the Producing Party's option, destroy all Protected Material or return it to the Producing Party. As used in this paragraph, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed upon request by the Producing Party, unless otherwise ordered or agreed in writing by the Producing Party, the Receiving Party must submit a written certification to the Producing Party by the 90-day deadline that identifies (by category, where appropriate) all Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.

11. <u>MODIFICATION</u>.

A party to this Order may request modification of this Order from the Court for good cause shown.

IT IS SO STIPULATED

Dated: March 14, 2012
PENELOPE A. PREOVOLOS
STUART C. PLUNKETT
SUZANNA P. BRICKMAN
MORRISON & FOERSTER LLP

By:  /s/ Penelope A. Preovolos
        Penelope A. Preovolos

*Attorneys for Defendant*
APPLE INC.

STIPULATED PROTECTIVE ORDER; [] ORDER
CASE NO. 5:11-cv-05337 RMW
sf-3116880

6

1  Dated: March 14, 2012                             KATHRYN DIEMER
                                                    DIEMER, WHITMER & CARDOSI LLP
2
                                                    MARK BULGARELLI
3                                                   ALEX STEPICK
                                                    FRANK JABLONSKI
4                                                   PROGRESSIVE LAW GROUP, LLC

5

6                                                   By:   /s/ Kathryn Diemer
                                                          Kathryn Diemer
7
                                                    Attorneys for Plaintiff
8                                                   DANIEL DONOHUE

9

10
        I, Penelope A. Preovolos, am the ECF User whose ID and password are being used to file
11
this Stipulation.  In compliance with General Order 45, section X.B., I hereby attest that I have on
12
file the concurrences for any signatures indicated by a "conformed" signature (/s/) within this
13
efiled document.
14                                                  By:   /s/ Penelope A. Preovolos
                                                          Penelope A. Preovolos
15

16      PURSUANT TO STIPULATION, IT IS SO ORDERED.

17   Date: 

18                                                  _____
                                                    Hon. Ronald M. Whyte
19                                                  United States District Judge

*[APPROVED — Ronald M. Whyte, Judge Ronald M. Whyte, United States District Court, Northern District of California]*

**CERTIFICATION**

I hereby certify my understanding that Protected Material is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order Regarding Mediation dated _____, in *Donohue v. Apple Inc.*, Case No. 5:11-CV-05337 RMW, Northern District of California. I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal the Protected Material to anyone, except as allowed by the Order. I will maintain all such Protected Material – including copies, notes, or other transcriptions made therefrom – in a secure matter to prevent unauthorized access to it. No later than thirty (90) days after the conclusion of this action, I will destroy or return (to the producing party) – including copies, notes or other transcriptions made therefrom – the Protected Material. I hereby consent to the jurisdiction of the United States District Court, Northern District of California, for the purpose of enforcing the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is execution this ___ day of _____ , at _____.

By: _____

Address: _____

_____

Phone: _____